The pleas of not guilty, and a special justification under process, were entered upon the appearance docket in the usual manner, by a mere memorandum.
On the trial before Nash, J., at Buncombe, on the last circuit, the defendants established a justification as to the defendant Howell alone, by proof of process against the goods of the plaintiff directed to him as a constable, but his Honor, instructing the jury that the defense was not available, as the pleas were joint, the plaintiff had a verdict and the defendant appealed. After the entry of the judgment and appeal there was an entry of a noli prosequi as to the defendant Howell.
The first question is, whether the plea of "justification" is to be considered as a joint or several plea. The defendants' pleas stand *Page 52 
on the record "general issue and justification." If from this entry the defendants are to be considered by the court as having pleaded jointly then the plea being bad as to Hyatt must be bad as to the officer Howell. But if the loose practice of the courts will authorize the defendants to consider the entry on the record only of the head of pleas, to stand for either a joint or several plea, according as the case may turn out on the trial, then the execution was a complete justification as to Howell. We are of opinion that such an entry as this on the record must be taken as denoting that the defendants had pleaded jointly. The profession, we learn, considers such an entry as joint pleading. The rules of pleading required by law have been too much neglected; this court cannot give countenance to any further relaxation.
The second objection, taken by the defendant Hyatt, is that the entry by the plaintiff of a nol. pros. as to Howell was made after the judgment was entered, which, in law, could not be good. That, therefore, the entry should stand and be considered as a retraxit of the action as to both the defendants. We think otherwise. The loose entries made on minutes in the progress of a cause during a Term, the whole of which in law is considered but as one day, are but memoranda from which the clerk at the end of the term is to draw a formal record of all the proceedings in the case which had taken place during the term. The whole of this case, even up to this time, still stands as we say upon the minutes or in notes; or, as they say in England, it stands in paper. There is, in the case, neither an entry on the record of a formal verdict, nol. pros., or judgment. If the clerk had been required to put these proceedings in legal form upon the record he would have transferred his notes and (66) drawn up the record as the judge would have intended the proceedings of the term in the case should appear to the world. The clerk would then have placed the formal entry of nol. pros. after the verdict, and before the formal entry of the judgment. The court must consider the record as if it had been formally drawn out from the notes or minutes of the clerk; when, as we have seen, the clerk in doing his duty, would be expected to place every entry in its proper place. Therefore thenol. pros. as to Howell would be placed before a formal judgment.
The judgment must be affirmed.
PER CURIAM. Judgment affirmed. *Page 53